## EMMONS *v.* UNITED STATES.

(*Circuit Court, D. Oregon.*  November 2, 1891.)

ASSIGNEE.
    Under the act of 1887, (24 St. 505,) the assignee of a claim against the United States may sue thereon in his own name.
(*Syllabus by the Court.*)

At Law.

*Mr. Zera Snow*, for plaintiff.

*Mr. Franklin P. Mays* and *Mr. Charles E. Lockwood*, for the United States.

DEADY, J.   This action was commenced on September 30, 1889.   It is brought to recover $1,230, paid the United States land-office at Ore-

gon City as purchase price and fees on three several entries of timber land under the act of June 3, 1878.

In the amended petition it is alleged that the parties making these entries believed at the time that the lands were unfit for cultivation, and chiefly valuable for timber; that afterwards the commissioner of the general land-office set aside and canceled said entries on the ground that said lands, or the major part of them, were fit for cultivation when the timber was removed, and restored them to the public domain; and that subsequent to said cancellation the final certificates issued to the purchasers in said entries, and the claims thereon arising against the United States were duly assigned to the plaintiff, who now holds the same.

There is a prayer for judgment, coupled with an offer to surrender the certificates as the court may direct.

The cause was heard before the district judge for Washington on a demurrer to the petition, who, on April 18, 1890, sustained the demurrer on the ground that, while the United States is liable in an action by the entry-man, an assignee cannot maintain the same; and, further, that the petition should show a surrender of the certificates, or account for them.

The plaintiff had leave to amend his petition in regard to the surrender of the certificates, which he did on May 8, 1890; and on the same day filed a petition for rehearing on the question of the right of the assignee to sue.

The petition was granted, and the cause heard on a demurrer to the amended petition.

Section 1 of the act of 1853 (10 St. 170) provides "that all transfers and assignments" thereafter made of any claim against the United States shall be null and void, unless made after the allowance of the same and the issue of a warrant for the payment thereof.

The court of claims was established in 1855. 10 St. 612. The act was silent on the right of an assignee of a claim to sue thereon. In 1877 the supreme court, in *U. S.* v. *Gillis*, 95 U. S. 407, held that the act of 1853 applied to suits in the court of claims, and this ruling has been adhered to.

On March 3, 1887, an act was passed (24 St. 505) enlarging the jurisdiction of the court of claims, and giving the circuit and district courts concurrent jurisdiction therewith, within certain amounts.

Section 1 of this act defines the jurisdiction to be of all claims arising in a certain manner, "in respect of which claims the party would be entitled to redress against the United States, either in a court of law, equity, or admiralty, if the United States were 'suable."

The right of an assignee to sue has not been passed upon by the supreme court since the passage of this act.

The right to sue the United States, in respect to any claim on which it is liable, under the act of 1887, either in a court of law, equity, or admiralty, as if it were "suable" generally,—as a private person,—certainly includes the assignee of such claim.

The assignee of a claim against the United States is the "party" to whom the claim belongs. He owns it; and, being such owner, he is entitled, in my judgment, to redress against the United States, as if it "were suable," not by the assignor or original holder alone, but generally, as if the United States were a private person.

The court is as competent to deal with the claim in the hands of the assignee as in those of the assignor. Proof of the assignment is the only additional circumstance in the case, and that is a very simple matter.

*U. S.* v. *Jones,* 131 U. S. 1, 9 Sup. Ct. Rep. 669, was a suit under the act of 1887 by an assignee. The objection was not made in that case, and it appears to have been taken for granted, that the assignee could maintain the suit if the assignor could.

Sooner or later this question must be decided by the supreme court, and it may as well be in this case as any other.

My impression is that under the act of 1887 the assignee may sue the United States, in respect to the claims mentioned therein, as if it were a private person, and I will give judgment accordingly.