EMMONS v. UNITED STATES.

(Circuit Court, D. Oregon. July 24, 1911.)

No. 1,655.

UNITED STATES (§ 111*)—CLAIMS—RIGHTS OF ASSIGNEE.

Under Rev. St. § 3477 (U. S. Comp. St. 1901, p. 2320), prohibiting the transfer of claims against the United States, and declaring that such transfers shall be void unless executed in a particular manner and containing certain recitations of fact, an assignment of a claim against the United States for money paid to the Land Office by plaintiff's assignors as the purchase price and fees, pursuant to a timber land entry which was erroneously rejected, was invalid and insufficient to sustain an action against the government by the assignee in a federal court.

[Ed. Note.—For other cases, see United States, Cent. Dig. §§ 94–98; Dec. Dig. § 111.*

Assignment of claims and government contracts, see note to Greenville Sav. Bank v. Lawrence, 22 C. C. A. 650.]

Action by Arthur C. Emmons against the United States. Judgment for defendant.

See, also, 175 Fed. 514.

Snow & McCamant, for plaintiff.
Walter H. Evans, Asst. U. S. Atty.

BEAN, District Judge. This action was commenced in 1889 to recover money paid to the United States Land Office at Oregon City by plaintiff's assignors as the purchase price and fees in entries of timber land under the act of June 3, 1878, c. 151, 20 Stat. 89 (U. S. Comp. St. 1901, p. 1545). A demurrer to the complaint was sustained by Judge Hanford in 1890 upon the ground, among others, that while the United States would be liable in an action by an entryman, an assignee could not maintain the same. Emmons v. U. S. (C. C.) 42 Fed. 26. An amended complaint was subsequently filed and a demurrer thereto was heard by Judge Deady, whose impression was that under the Act of 1887 (Act March 3, 1887, c. 359, 24 Stat. 505 [U. S. Comp. St. 1901, p. 752]) enlarging the jurisdiction of the Court of Claims and giving the Circuit and District Courts concurrent jurisdiction therewith, within certain amounts, an assignee might maintain

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1307 to date, & Rep'r Indexes

an action and as the question had not been passed upon by the Supreme Court since the passage of the act referred to, he overruled the demurrer. Emmons v. U. S. (C. C.) 48 Fed. 43. The issues were subsequently made up and the case came on for final hearing on the first of the present month on the pleadings and a stipulation of facts signed by counsel.

From the agreed facts it appears that the money in controversy was paid to defendant by plaintiff's assignors in good faith as the purchase price of certain lands, for which they had made application in proper form, and which should have been sold to them if the law had been properly administered. Their applications were, however, rejected for the reason that the land was not open to purchase under the timber and stone act because, although heavily covered with timber, it might be made fit for cultivation by removing the timber and clearing the land; clearly an erroneous ruling, and one which the department revoked shortly thereafter. U. S. v. Budd, 144 U. S. 154, 12 Sup. Ct. 575, 36 L. Ed. 384. When application was subsequently made for return of the money, the department held that it only had authority under the law to return purchase money when an application had been erroneously allowed and not when it had been erroneously rejected, and that the plaintiff's assignors belonged to the latter class. The applications to purchase were therefore admittedly wrongfully rejected and the purchase money retained because of such wrongful act. If the plaintiff had a right to maintain this action, under the circumstances I should not hesitate to render a judgment in his favor. But the insurmountable difficulty is that by section 3477, Rev. St. (U. S. Comp. St. 1901, p. 2320) it is declared "that all transfers and assignments made of any claim upon the United States, or any part or share thereof, or interest therein, whether absolute or conditional, and whatever may be the consideration therefor, and all powers of attorney, orders or other authorities for receiving payment of any such claim or of any part or share thereof, shall be absolutely null and void unless they are freely made and executed in the presence of at least two attesting witnesses after the allowance of such a claim, the ascertainment of the amount due and the issuing of a warrant for the payment thereof. Such transfers, assignments and powers of attorney must recite the warrant for payment and must be acknowledged by the person making them, before an officer having authority to take acknowledgments of deeds, and shall be certified by the officer; and it must appear by the certificate that the officer, at the time of the acknowledgment, read and fully explained the transfer, assignment, or warrant of attorney to the person acknowledging the same." The Supreme Court has frequently had occasion to consider this section, and the holding is that the intent of Congress as expressed therein was that a voluntary assignment of naked claims against the government for the purpose of suit or in view of litigation or otherwise, should not be countenanced, and that the statute embraces every claim or right to demand money from the United States, however arising, of whatsoever nature, and whenever and wherever prosecuted. U. S. v. Gillis, 95 U. S. 407, 24 L. Ed. 503; Spofford v.

Kirk, 97 U. S. 484, 24 L. Ed. 1032. The question was recently considered at great length by the Court of Appeals of this court and by the Supreme Court in National Bank of Commerce v. Downie, 161 Fed. 839, 88 C. C. A. 657; Id., 218 U. S. 345, 31 Sup. Ct. 89, 54 L. Ed. 1065, and the doctrine reaffirmed without qualification, the court holding that the statute made "absolutely null and void" all voluntary assignments, of whatsoever kind or nature, of unallowed claims against the government. This is the latest expression on the subject, and under the rule as there announced there seems no escape from the conclusion that the plaintiff cannot maintain the action, and I am therefore reluctantly constrained to find in favor of the defendant.